IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 23 2009

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 09-cv-00322-BNB

SIDNEY A. POTTS,

  Applicant,

v.

J. M. WILNER, Warden, F.C.I. Florence,

  Respondent.

---

## ORDER OF DISMISSAL

---

Applicant Sidney A. Potts is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Mr. Potts initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Magistrate Judge Boyd N. Boland entered an order on March 10, 2009, instructing Mr. Potts to amend the Application and to assert specific facts in support of the claim that he raised. Mr. Potts filed an Amended Application on March 18, 2009. Rather than stating the specific facts in support of his claim asserted on Page Three of the Court-approved form, Mr. Potts attached a Supplemental Memorandum. Although Mr. Potts failed to comply with the March 10, 2009, order, the Court will proceed to review the merits of the Application, as set forth in the Supplemental Memorandum.

The Court must construe the Application and the Supplemental Memorandum liberally because Mr. Potts is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court,

however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Potts asserts that on January 28, 1998, a jury found him guilty of conspiracy to possess and distribute cocaine, and of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 846(a)(1), in the United States District Court for the District of Alaska (District of Alaska). Mr. Potts also asserts that he filed a 28 U.S.C. § 2255[1] motion challenging the sentencing enhancement that the District of Alaska denied on January 30, 2003. Mr. Potts further asserts that recently he filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) that also was denied by the District of Alaska.

Mr. Potts contends that while researching the issues he raised in his § 3582 motion he discovered that the District of Alaska committed clear error in imposing the sentence in his case, which resulted in an improper calculation of the severity of his offense and an unlawful imposition of his sentence outside the maximum allowable guideline sentence. He further contends that the error was caused by ineffective assistance of counsel and violated his due process and Eighth Amendment rights. Mr. Potts maintains that this action is properly before this Court because he is entitled to immediate release, and the time required to file a request for authorization to file a second or successive motion pursuant to 28 U.S.C. § 2255 with the United States Court

---

[1] Although Mr. Potts refers to "18 U.S.C. § 2255," on Page One of the Supplemental Memorandum, the reference is a typographical error. He clearly intended to refer to 28 U.S.C. § 2255.

2

of Appeals for the Ninth Circuit (Ninth Circuit) renders the § 2255 motion lawfully and constitutionally inadequate.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 367 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

The remedy available under 28 U.S.C. § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, the remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant

complete relief. *See id.* Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001).

Simply because Mr. Potts argues that he is entitled to immediate release and that the time it may take to seek authorization from the Ninth Circuit to file a second 28 U.S.C. § 2255 motion is both lawfully and constitutionally inadequate, he does not demonstrate an inordinate delay in processing a § 2255 motion in the Ninth Circuit or in the District of Alaska. Mr. Potts claims are speculative and fail to demonstrate that the remedy available to him in a § 2255 motion is inadequate or ineffective to address his claims challenging the validity of his conviction and sentence. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Potts fails to assert that the remedy available pursuant to 28 U.S.C. § 2255 is ineffective and inadequate.

DATED at Denver, Colorado, this 22 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00322-BNB

Sidney A. Potts
Reg No. 11909-006
FCI - Florence
P.O. Box 6000
Florence, CO 81226-6000

  I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/23/09

GREGORY C. LANGHAM, CLERK

By: _____
   Deputy Clerk